Charles E. Adams and Phyllis S. Adams v. Commissioner.
Adams v. Commissioner
Docket No. 112228.
United States Tax Court
1943 Tax Ct. Memo LEXIS 353; 1 T.C.M. (CCH) 929; T.C.M. (RIA) 43183; April 21, 1943
*353 Raymond C. Cushwa, Esq., 815 Fifteenth St., N.W., Washington, D.C., for the petitioner. Clay C. Holmes, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined a deficiency of $3,830.53 in petitioner's income tax for 1940. Petitioner, whose return was filed in the District of New York, assails so much as results from the disallowance of a deduction of a lawyer's fee of $3,755.51 for representing petitioner in a proceeding before the Board of Tax Appeals to contest a deficiency for 1935. The former proceeding, , involved the question whether an option given petitioner, as an incident of his employment, to purchase at a favorable price shares in the corporation of which he was president was income to the extent of the difference between the option price and the fair market value of the shares. The Board held that the difference was not compensation and was not taxable income. In 1940, the petitioner paid the lawyer's fee for services in that proceeding and deducted the amount on his 1940 return. The Commissioner disallowed the deduction and said simply that "This payment does *354 not constitute an allowable deduction under the provisions of the Internal Revenue Code." We are of opinion that the fee was properly deductible as a business expense, without regard to the 1942 Act. The earlier controversy grew directly from the petitioner's business, and involved a question as to the nature and amount of his business compensation. The litigation of this question related to his business and the expense of the litigation was properly treated by him as a business expense. It is not in the category of "personal, living or family expenses." ; . Paul and Mertens Law of Federal Income Taxation, Vol. 3, § 23.56. The Supreme Court's opinion in , relied upon by the Commissioner, does not call for an affirmance of the determination. The disallowance of the deduction in that case was predicated upon the finding that the *355 expenses in question had no relation to the taxpayer's trade or business but were related to his investments in securities apart from his trade or business. Here, as we have said, the proceeding before the Board related not to an investment item of income or expense but directly to the taxpayer's business income. The determination is reversed. Decision will be entered under Rule 50.